ERIC A. NYBERG, ESQ. (Bar No. 131105)
**KORNFIELD, NYBERG, BENDES, KUHNER & LITTLE, P.C.**
1970 Broadway, Suite 600
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: e.nyberg@kornfieldlaw.com

Attorneys for Trustee, Sarah L. Little

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| In re | Case No. 22-40887 WJL |
|---|---|
| Access Metals Trading, Inc. | Chapter 7 |
| | **NOTICE OF CHAPTER 7 TRUSTEE'S MOTION AND MOTION TO SELL PERSONAL PROPERTY** |
| Debtor. | **[11 U.S.C. § 363(b)]** |

**TO: THE DEBTOR, ALL CREDITORS AND PARTIES-IN-INTEREST:**

**PLEASE TAKE NOTICE** that Sarah L. Little, the duly appointed Chapter 7 Trustee ("Trustee") in the pending bankruptcy case of Access Metals Trading, Inc. (the "Debtor"), Case No. 22-40887 WJL (the "Bankruptcy Case"), files this Chapter 7 Trustee's Motion to Sell Personal Property (the "Motion") to the Pacific Recycling, Inc. ("Pacific"), and in support thereof represents as follows:

1. The Bankruptcy Case was filed as a voluntary Chapter 11 Subchapter V case on September 12, 2022. The Bankruptcy Case was converted to a Chapter 7 case on May 16, 2023.

2. The Trustee was appointed as the Chapter 7 trustee in the Bankruptcy Case when it was converted to a Chapter 7 case.

3. As of the date of this Motion, the bankruptcy estate in the Bankruptcy Case includes the following assets:

(i) that certain receivable owing from SS Greener Earth Solutions SDN BHD to Access Metals in the amount of $274,472.90, related to 398,419 pounds of scrap metal delivered by Seller to Access Metals consisting of: (A) 5 containers contained 124.013 metric tons of Zorba/Mixed Metal Scraps (container numbers FFAU4055215, MEDU8979813, MSDU5418272, MEDU86861270, and MSMU7540943), (B) 1 container of 19.613 metric tons of Mixed Motors (container number TGHU0521840), and (C) 2 containers of 37.094 metric tons of Sealed Units (container numbers TCKU3676068 and TCLU3279854), in each case as evidenced by Access Metals Invoice No. 10001 and (ii) five shipping containers (container numbers MRKU2806025, MRSU383887, PONU8244082, MRKU5979580, and SEKU4477818) containing 214,525 pounds of scrap metal located at Port Klang, Malaysia (the foregoing are collectively referred to as the "Assets").

4. The Assets arose from the Court approved sale (motion Docket No. 87 order approving Docket No. 194). The Trustee was required to release 8 containers to Buyer pursuant to the sale agreement to prevent seizure by the Malaysian Port and continuing storage and demurrage fees, but payment was not sent by the Buyer. The Trustee attempted to collect from the Buyer and was promised payment but was told payment was being held by Malaysian governmental banking regulators. The Trustee consulted with Malaysian counsel regarding collection and determined that 1) Malaysian counsel would not agree to a contingency arrangement and 2) costs to pursue would exceed remaining estate funds.

5. The Trustee has investigated the value of the Assets and the Trustee and Pacific have negotiated and entered into a Receivables and Scrap Metal Agreement (the "Purchase Agreement") whereby Pacific is purchasing the Assets. A true and correct copy of the Purchase Agreement is attached hereto as **Exhibit "A."**

6. The total purchase price being paid by Pacific for the Assets is $10,000 plus a waiver of all claims in Pacific it has in the Bankruptcy Case. Pacific has an administrative claim in the case of $215,986. The sale of the Assets to Pacific is made without any representations or warranties of any kind whatsoever by the Trustee. The sale of the Assets is contingent upon Bankruptcy Court approval of the sale.

7. The Assets are owed to the bankruptcy estate by a Malaysian company. The Trustee consulted with several law firms in Malaysia regarding possible representation of the bankruptcy estate to try to collect the Assets. The Trustee has determined that it will not be cost effective to pursue.

8. Based upon the Trustee's experience and the exercise of her business judgment, the Trustee has concluded that the purchase price to be paid by Pacific ($10,000 plus a waiver of its $215,986 administrative claim) pursuant to the Purchase Agreement for the Assets is a fair and reasonable price.

9. Pursuant to 11 U.S.C. § 363(b), after a notice and hearing, the Trustee is authorized to sell the Assets.

10. Finally, so that the proposed sale may be consummated as quickly as possible, the Trustee requests that the 14-day stay provided for in Bankruptcy Rule 6004(h) be waived.

**WHEREFORE,** the Trustee respectfully requests that this court enter an order:

1. Authorizing the sale of the estate's interest in the Assets to Pacific on the terms set forth herein and in the Purchase Agreement;
2. For a waiver of the 14-day stay provided for in Rule 6004(h) in the Federal Rules of Bankruptcy Procedure; and
3. Authorizing the Trustee to take such further action and execute such documents that are necessary to consummate the proposed sale.

**PLEASE TAKE NOTICE THAT PURSUANT TO LOCAL RULE 9014-1 (b)(3) UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, ANY OBJECTION TO THE REQUESTED RELIEF, OR A REQUEST FOR HEARING ON THE MATTER, MUST BE FILED AND SERVED UPON THE INITIATING PARTY WITHIN 21 DAYS OF MAILING THE NOTICE;**

**PLEASE TAKE FURTHER NOTICE THAT ANY OBJECTION OR REQUEST FOR A HEARING MUST BE ACCOMPANIED BY ANY DECLARATIONS OR MEMORANDA OF LAW ANY REQUESTING PARTY WISHES TO PRESENT IN SUPPORT OF ITS POSITION;**

**PLEASE TAKE FURTHER NOTICE THAT IF THERE IS NO TIMELY OBJECTION TO THE REQUESTED RELIEF OR A REQUEST FOR HEARING, THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF BY DEFAULT.**

**PLEASE TAKE FURTHER NOTICE THAT IN THE EVENT OF A TIMELY**

**OBJECTION OR REQUEST FOR HEARING, THE INITIATING PARTY WILL GIVE AT LEAST SEVEN (7) DAYS WRITTEN NOTICE OF THE HEARING TO THE OBJECTING OR REQUESTING PARTY, AND TO ANY TRUSTEE OR COMMITTEE APPOINTED IN THE CASE.**

Dated: November 25, 2025                    Kornfield, Nyberg, Bendes, Kuhner & Little, P.C.


By: /s/ Eric A. Nyberg
Eric A. Nyberg, Esq. (Bar No. 131105)
Attorneys for Trustee, Sarah L. Little

# EXHIBIT A

Dated this November 12, 2025

_____

## BETWEEN

## SARAH L. LITTLE, CHAPTER 7 TRUSTEE OF ACCESS METALS INC.

## (REGISTRATION NO.: 2656148)

("the Seller")

## AND

## PACIFIC RECYCLING INC.

## (REGISTRATION NO.: 421578-83)

("the Buyer")

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## RECEIVABLES AND SCRAP METAL PURCHASE AGREEMENT

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

THIS RECEIVABLES AND SCRAP METAL PURCHASE AGREEMENT (this "**Agreement**"), dated as of November 12, 2025, is entered into by and between Sarah L. Little, in her capacity as Chapter 7 Trustee of Access Metals Trading, Inc., a California corporation, Registration No. 2656148 ("**Seller**"), and Pacific Recycling, Inc., an Oregon corporation, Registration No. 421578-83 ("**Buyer**").

**RECITALS**

WHEREAS, the Seller is the Chapter 7 trustee over the bankruptcy estate of Access Metals Trading, Inc., a California corporation ("**Access Metals**"), in Case No. 22-40887 (the "**Bankruptcy Case**"), pending before the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**").

WHEREAS, the bankruptcy estate of Access Metals includes the following assets (the "**Assets**"): (i) that certain receivable owing from SS Greener Earth Solutions SDN BHD to Access Metals in the amount of $274,472.90, related to 398,419 pounds of scrap metal delivered by Seller to Access Metals, consisting of: (A) 5 containers containing 124.013 metric tons of Zorba/Mixed Metal Scraps (container numbers FFAU4055215, MEDU8979813, MSDU5418272, MEDU86861270, and MSMU7540943), (B) 1 container of 19.613 metric tons of Mixed Motors (container number TGHU0521840), and (C) 2 containers of 37.094 metric tons of Sealed Units (container numbers TCKU3676068 and TCLU3279854), in each case as evidenced by Access Metals Invoice No. 10001; and (ii) five shipping containers (container numbers MRKU2806025, MRSU383887, PONU8244082, MRKU5979580, and SEKU4477818) containing 214,525 pounds of scrap metal located at Port Klang, Malaysia.

WHEREAS, pursuant to that certain Order Approving Stipulation and Allowing Administrative Claim under 11 U.S.C. § 503(b), Buyer is the holder of an administrative claim in the Bankruptcy Case in the amount of $215,986.00 (the "**Buyer Administrative Claim**").

WHEREAS, Buyer desires to acquire the Assets from Seller, and the Seller desires to sell to Buyer the Assets, in each case subject to the terms and conditions of this Agreement (the "**Transaction**").

NOW, THEREFORE, in consideration of the foregoing recitals and certain other good and valuable consideration, the receipt and sufficient of which are hereby acknowledged, the parties hereto agree as follows:

**AGREEMENT**

1. **Sale of Assets.** Subject to the terms and conditions of this Agreement, Seller agrees to sell, convey, transfer, assign, and deliver to Buyer, and Buyer agrees to purchase from the Seller, the Assets, AS IS, WHERE IS, with no representation or warranty as to merchantability, fitness or otherwise whatsoever, with no recourse to the Seller.

2. **Purchase Price.** In consideration of the transfer and sale by Seller of the Assets to Buyer and in consideration of the covenants of Seller set forth herein, Buyer agrees that upon the closing of the sale of the Assets under this Agreement (the "*Closing*"), the Buyer shall pay $10,000 and Buyer's Administrative Claim shall be deemed satisfied in full.

3. **Bankruptcy Court Sale Order.** Notwithstanding any other provision of this Agreement, neither Seller nor Buyer shall have any obligation to consummate the Transaction prior to entry of an order of the Bankruptcy Court in form and substance acceptable to the parties (the "*Sale Order*") and the Sale Order becoming a final, non-appealable order. Seller agrees that it will promptly take such actions as are reasonably necessary or appropriate to obtain prompt entry of the Sale Order. Buyer agrees that it will promptly take such actions as are reasonably requested by Seller and are reasonably necessary or appropriate to assist Seller in obtaining entry of the Sale Order. If the Sale Order has not become a final, non-appealable order by December 31, 2025, this Agreement shall terminate.

4. **Closing.** The Closing shall occur no later than two (2) business days after the Sale Order has become a final, non-appealable order.

5. **Obligations at Closing**. At the Closing, Seller shall cause to be delivered to Buyer (i) a copy of the Sale Order; and (ii) a bill of sale and/or assignment in form acceptable to Buyer for the Assets.

6. **Further Assurances.** The Seller shall take such further actions and execute such further documents, including authorizations, as may be reasonably requested by the Buyer to assist the Buyer in recovering or selling the Assets, including but not limited to executing any necessary instruments and obtaining such further orders from the Bankruptcy Court as may be reasonably required to evidence and give full effect to the Buyer's acquisition of the Assets. The Seller shall also provide any supporting documents, including but not limited to those reasonably required by the Port Klang Authority, Malaysia, and any relevant customs authority in Malaysia, to give effect to the terms and intent of this Agreement.

7. **Headings.** The subject headings of the Sections of this Agreement are included for purposes of convenience only, and shall not affect the construction or interpretation of any of its provisions.

8. **Entire Agreement; Modification; Waiver.** This Agreement constitutes the entire agreement between the parties pertaining to the subject matter contained in it and supersedes all prior and contemporaneous agreements, representations, and understandings of the parties. No supplement, modification or amendment of this Agreement shall be binding unless executed in writing by all the parties. No waiver of any of the provisions of this Agreement shall be deemed, or shall constitute, a waiver of any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver. No waiver shall be binding unless executed in writing by the party making the waiver.

9. **Counterparts.** This Agreement may be executed simultaneously in one or more electronic PDF counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

10. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Oregon, without regarding to its conflicts of law provisions.

IN WITNESS WHEREOF, the parties to this Agreement have duly executed this Agreement as of the date first written above.

SELLER:

_____
Sarah L. Little, Chapter 7 Trustee of Access Metals, Inc.

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF CALIFORNIA )
) ss.
County of _Alameda_ )

On November _12_, 2025, before me, _Nancy L Nyberg_, a Notary Public, personally appeared Sarah L. Little who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

NANCY L. NYBERG
Notary Public - California
Alameda County
Commission # 2385027
My Comm. Expires Dec 1, 2025

_____
Signature of Notary

(Affix seal here)

Case: 22-40887    Doc# 204    Filed: 11/25/25    Entered: 11/25/25 14:24:36    Page 9 of 13

IN WITNESS WHEREOF, the parties to this Agreement have duly executed this Agreement as of the date first written above.

        **BUYER:**

        **Pacific Recycling, Inc.**, an Oregon corporation

        By: *(signature)*
        Name: Amber Schultz
        Title: CFO

STATE OF OREGON    )
                            ) ss.
COUNTY OF LANE    )

This instrument was acknowledged before me on November 13, 2025, by Amber Schultz, Financial Controller of Pacific Recycling, Inc.



OFFICIAL STAMP
JENNIFER SHAWN SANDERS
NOTARY PUBLIC-OREGON
COMMISSION NO. 1062644
MY COMMISSION EXPIRES OCTOBER 28, 2029

Notary Public for Oregon
My commission expires: October 28th, 2029

4905-4145-3895.7

# DECLARATION OF SERVICE

I, the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of 18 years and not a party to this action. My business address is 1970 Broadway, Suite 600, Oakland, California 94612.

I am readily familiar with the business practices of my employer, Kornfield, Nyberg, Bendes, Kuhner & Little, P.C., for the collection and processing of correspondence for mailing with the United States Postal Service and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business unless indicated below by electronic service.

On November 25, 2025, I served the following documents:

**NOTICE OF CHAPTER 7 TRUSTEE'S MOTION AND MOTION TO SELL PERSONAL PROPERTY;**

**DECLARATION OF SARAH L. LITTLE IN SUPPORT OF N NOTICE OF CHAPTER 7 TRUSTEE'S MOTION AND MOTION TO SELL PERSONAL PROPERTY**

by placing copies of said documents in a sealed envelope by first class mail and served in the manner described below addressed as follows:

<u>Via-Electronic Service</u>
Office of the U.S. Trustee/Oak
Office of the United States Trustee
Phillip J. Burton Federal Building
450 Golden Gate Ave. 5th Fl.,
#05-0153
San Francisco, CA 94102

**SEE ATTACHED SERVICE LIST**

<u>Via-ECF</u>
Gina R. Klump
Law Office of Gina R. Klump
11 5th Street, Suite 102
Petaluma, CA 94952

<u>Via-ECF</u>
**Bernard Kornberg**
Miller Nash LLP
340 Golden Shore, Ste 450
Long Beach, CA 90802

I placed such envelopes for collection and mailing at my employer's office following ordinary business practices, addressed to the addressee designated.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 25th day of November, 2025 at Danville, California.

/s/ Gail A. Michael

Label Matrix for local noticing
0971-4
Case 22-40887
California Northern Bankruptcy Court
Oakland
Tue Nov 25 14:11:43 PST 2025

Access Metals Trading, Inc.
2333 San Ramon Valley Blvd., Ste. 160
San Ramon, CA 94583-4408

BMW Financial Services NA, LLC
AIS Portfolio Services, LP
Account: XXXXX9364
4515 N Santa Fe Ave
Oklahoma City, OK 73118-7901

Delta Metal (Holdings) Limited
Delta Metal (Holdings) Ltd
333 N. 3rd Ave.,
Suite 239
St. Petersburg, FL 33701-3899

Eagle Canyon
1600 Riviera Ave. #220
Walnut Creek, CA 94596-7112

Fusion Metals Limited
271 N First St
San Jose, CA 95113-1014

U.S. Bankruptcy Court
1300 Clay Street, Suite 300
Oakland, CA 94612-1426

ABC/Amega
500 Seneca Street, Suite 503
Buffalo, NY 14204-1963

Acme
3339 2nd Street SW
Albuquerque, NM 87105-0201

Alan L. Brodkin
Alan L. Brodkin & Associates
15500 B. Rockfield Blvd.
Irvine, CA 92618-2722

BMW Financial Services NA, LLC
c/o AIS Portfolio Services, LLC
4515 N. Santa Fe Ave. Dept APS
Oklahoma City, OK 73118-7901

Baltimore Scrap Corp
3000 Vera Street
Baltimore, MD 21226-1027

City National Bank
P.O. Box 54830
Los Angeles, CA 90054-0830

City National Bank
c/o Aurora Li
555 S Flower St 16th floor
Los Angeles 90071-2300

Danning Jiang
Law Offices of Danning Jiang
271 North First Street
San Jose, CA 95113-1014

Delta Metal (Holdings) Limited
Gregory S. Hartman
1300 Clay Street, Suite 600
Oakland, CA 94612-1427

Delta Metal Holdings Limited
Suite No. 1201, Tower 1, 12/F
China Hong Kong City

Eagle Canyon
1600 Riviera Ave., Suite 220
Walnut Creek, CA 94596-7112

Edwin Chow
271 N First Street
San Jose, CA 95113-1014

Euler Hermes N. A. Insurance Co. - Agent for
800 Red Brook Blvd, #400C
Owings Mills, MD 21117-5173

Euler Hermes North America Ins. Co.
c/o Gaba Law
25 Mauchly, Suite 300
Irvine, CA 92618-2331

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

Fusion Metals Limited
Suite 1205A, 12/F Wing on Plaza
62 Mody Road Kowloon
Hong Kong

Fusion Metals Limited and Edwin Chow
c/o Law Offices of Danning Jiang
271 North First Street
San Jose, CA 95113-1014

Greenland (America) Inc.
1905 Woodstock Road, Suite 2200
Roswell, GA 30075-5617

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

M. Lipsitz and Company, Ltd.
100 Elm Street
Waco, TX 76704-2507

National Union Fire Insurance Company
c/o Adam L. Rosen PLLC
PO Box 552
Port Washington, NY 11050-0146

Office of the U.S. Trustee/Oak
Office of the United States Trustee
Phillip J. Burton Federal Building
450 Golden Gate Ave. 5th Fl., #05-0
San Francisco, CA 94102-3661

PNW
9645 N. Columbia Blvd.
Portland, OR 97203-1030

| | | |
|---|---|---|
| PNW Metal Recycling Inc.,<br>Alan L. Brodkin<br>P.O. Box 25145<br>Santa Ana CA 92799-5145 | Pacific Recycling, Inc.<br>c/o Miller Nash LLP<br>111 S.W. Fifth Avenue<br>Suite 3400<br>Portland, OR 97204-3614 | Potomac Metals Inc.<br>42702 Dulles Trade Court<br>Sterling, VA 20166-2257 |
| Robert and Stacy Kadesh, Trustees of the Kad<br>20 Nadine Place<br>Danville, CA 94526-1734 | Sadoff Iron & Metal<br>240 W. Ardnt Street<br>Fond Du Lac, WI 54935-2237 | Scott Ehrlich<br>142 Baldwin Drive<br>Danville, CA 94526-5102 |
| Umpqua Bank<br>445 S.E. Main Street<br>Roseburg, OR 97470-4900 | Umpqua Bank<br>PO Box 2325<br>Spokane, WA 99210 | William R. Mitchell<br>Willim R. Mitchell, Inc.<br>1 Venture, Suite 235<br>Irvine, CA 92618-7415 |
| Christopher Hayes<br>23 Railroad Avenue, #1238<br>Danville, CA 94526-1140 | Donna Bradshaw<br>West Auctions, Inc.<br>P.O. Box 278<br>Woodland, CA 95776-0278 | Gina R. Klump<br>Law Office of Gina R. Klump<br>11 5th Street, Suite 102<br>Petaluma, CA 94952-3097 |
| Jay D. Crom<br>Bachecki, Crom & Company, LLP<br>400 Oyster Point Blvd. Suite 106<br>South San Francisco, CA 94080-1917 | Sarah L. Little<br>2415 San Ramon Valley Blvd. #4432<br>San Ramon, CA 94583-5381 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Kadesh Family Trust | (u)Pacific Recycling, Inc. | (u)Umpqua Bank |

| | | |
|---|---|---|
| (d)BMW Financial Services, NA<br>c/o AIS Portfolio Services, LLC<br>4515 N. Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | (d)Scott Ehrlich<br>142 Baldwin Dr.<br>Danville, CA 94526-5102 | End of Label Matrix<br>Mailable recipients     43<br>Bypassed recipients      5<br>Total                   48 |