ERIC A. NYBERG, ESQ. (Bar No. 131105)
**KORNFIELD, NYBERG, BENDES, KUHNER & LITTLE, P.C.**
1970 Broadway, Suite 600
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: e.nyberg@kornfieldlaw.com

Attorneys for Trustee, Sarah L. Little

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Access Metals Trading, Inc.,<br><br>Debtor. | Case No. 22-40887 WJL<br><br>Chapter 7<br><br>**DECLARATION OF SARAH L. LITTLE IN SUPPORT OF NOTICE OF CHAPTER 7 TRUSTEE'S MOTION AND MOTION TO SELL PERSONAL PROPERTY** |

I, Sarah L. Little, declare under penalty of perjury as follows:

1. I am the Chapter 7 Trustee in the pending bankruptcy case of Access Metals Trading Inc. (the "Debtor"), Case No. 22-40887 WJL (the "Bankruptcy Case").

2. I know the following of my own personal knowledge and could and would testify competently thereto if called upon to do so.

3. The Bankruptcy Case was filed as a voluntary Chapter 11 Subchapter V case on September 12, 2022. The Bankruptcy Case was converted to a Chapter 7 case on May 16, 2023.

4. As of the date of the Motion, the bankruptcy estate in the Bankruptcy Case includes the following assets:

(i) that certain receivable owing from SS Greener Earth Solutions SDN BHD to Access Metals in the amount of $274,472.90, related to 398,419 pounds of scrap metal delivered by Seller to Access Metals consisting of: (A) 5 containers contained 124.013 metric tons of Zorba/Mixed Metal Scraps (container numbers FFAU4055215, MEDU8979813, MSDU5418272, MEDU86861270, and MSMU7540943), (B) 1 container of 19.613 metric tons of Mixed Motors (container number

TGHU0521840), and (C) 2 containers of 37.094 metric tons of Sealed Units (container numbers TCKU3676068 and TCLU3279854), in each case as evidenced by Access Metals Invoice No. 10001 and (ii) five shipping containers (container numbers MRKU2806025, MRSU383887, PONU8244082, MRKU5979580, and SEKU4477818) containing 214,525 pounds of scrap metal located at Port Klang, Malaysia (the foregoing are collectively referred to as the "Assets").

5. The Assets arose from the Court approved sale (motion Docket No. 87 order approving Docket No. 194). I was required to release 8 containers to Buyer pursuant to the sale agreement to prevent seizure by the Malaysian Port and continuing storage and demurrage fees, but payment was not sent by the Buyer. I attempted to collect from the Buyer and was promised payment, but was told payment was being held by Malaysian governmental banking regulators. I consulted with Malaysian counsel regarding collection and determined that 1) Malaysian counsel would not agree to a contingency arrangement and 2) costs to pursue would exceed remaining estate funds.

6. I have investigated the value of the Assets and Pacific Recycling, Inc. ("Pacific") and I have negotiated and entered into a Receivables and Scrap Metal Agreement (the "Purchase Agreement") whereby Pacific is purchasing the Assets.

7. The total purchase price being paid by Pacific for the Assets is $10,000 plus a waiver of all claims in Pacific it has in the Bankruptcy Case, including its administrative claim of $215,986. The sale of the Assets to Pacific is made without any representations or warranties of any kind whatsoever by the Trustee. The sale of the Assets is contingent upon Bankruptcy Court approval of the sale.

8. The Assets are owed to the bankruptcy estate by a Malaysian company. I have consulted with several law firms in Malaysia regarding possible representation of the bankruptcy estate to try to collect the Assets. I have determined that it will not be cost effective to pursue.

9. Based upon my experience and the exercise of my business judgment, I have concluded that the purchase price to be paid by Pacific ($10,000 plus a waiver of its $215,986 administrative claim) pursuant to the Purchase Agreement for the Assets is a fair and reasonable price.

10. Pursuant to 11 U.S.C. § 363(b), after a notice and hearing, I am authorized to sell the Assets.

11. Finally, so that the proposed sale may be consummated as quickly as possible, the Trustee requests that the 14-day stay provided for in Bankruptcy Rule 6004(h) be waived.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this 25th day of November, 2025 at Oakland, California.

/s/ Sarah L. Little

Case: 22-40887    Doc# 205    Filed: 11/25/25    Entered: 11/25/25 14:29:00    Page 3 of 3